IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

LEIGHANN HUMPHREY,

    Plaintiff,

v.

WAKEFIELD & ASSOCIATES, LLC.

    Defendant.

## COMPLAINT

**NOW COMES** LEIGHANN HUMPHREY ("Plaintiff"), by and through the undersigned, complaining as to the conduct of WAKEFIELD & ASSOCIATES, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq*., stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the District of Colorado.

### PARTIES

1

4. Plaintiff is a consumer over-the-age of 18 and, at all relevant times, resided in Corryton, Tennessee.

5. Defendant is a third party debt collection company. Defendant is a limited liability company organized and existing under the laws of the state of Colorado with its principal place of business located at 830 East Platte Avenue, Suite A, Fort Morgan, Colorado 80701.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7. The instant action arises out of Defendant's efforts to collect upon a purportedly defaulted medical debt ("subject consumer debt"), purportedly owed by Plaintiff.

8. Upon information and belief, following Plaintiff's purported default on the subject consumer debt, the subject consumer debt was charged-off and placed with Defendant for collection purposes.

9. A few months ago, Plaintiff began receiving calls to her cellular phone number (865) XXX-1724 from Defendant, seeking collection of the subject consumer debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -1724. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number (865) 381-5207 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

12. As the calls began, Defendant informed Plaintiff that it was calling attempting to collect upon the subject debt.

2

13.  Finding harassing the nature of Defendant constant collection calls, Plaintiff demanded that Defendant's phone calls cease.

14.  Despite Plaintiff's demand, Defendant has continued to call Plaintiff seeking payment for the subject consumer debt.

15. Defendant has placed more than a dozen phone calls to Plaintiff despite the cease and desist requests and despite knowing the extent to which Plaintiff found such contacts harassing and abusive.

16.  Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

17.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions as a result of the collection tactics Defendant employs.

18.  Plaintiff has suffered concrete harm as a result of Defendant's actions including, but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, being subjected to harassing debt collection communications, and violations of her federally-protected interests to be free from harassing, oppressive, and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

22. Defendant is a "debt collector" as defined by § 1692a(6) because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due, to others, and is similarly a business whose principal purpose is the collection of debts.

### a. Violations of FDCPA § 1692d *et seq.,* and 12 C.F.R. § 1006.14 *et seq.*

24. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C.§ 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

25. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication that communications cease or that a consumer is otherwise unwilling to meet a debt collector's demand for payment.

26. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

27. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), through its placement of phone calls to Plaintiff's cellular phone following her conversations with Defendant wherein it was clear that she demanded they cease calling her. The

regulations clarify that consumers who have requested calls to stop or otherwise expressed an unwillingness to comply with a debt collector's demand for payments, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. The nature and pattern of Defendant's phone calls further illustrate the harassing and oppressive intent behind, and nature of, Defendant's calls. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

### b. Violations of FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

30. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through her cellular phone despite Plaintiff's demand that the calls cease. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations; Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

### c. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

5

32. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties and Plaintiff's demand that all calls cease.

**WHEREFORE**, Plaintiff, LEIGHANN HUMPHREY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 7, 2024,                Respectfully Submitted,

/s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

6